**Abbey Electric Company, an Illinois Corporation, Plaintiff-Appellant, v. Hilmon Simpson, Defendant-Appellee.**

**Gen. No. 52,344.**

First District, Fourth Division.

July 24, 1968.

Friedman and Rochester, of Chicago (Richard R. Rochester, of counsel), for appellant.

Minn and Auslander, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from the order of March 29, 1967, vacating a default judgment entered against defendant on November 14, 1966.

Plaintiff's complaint filed in November of 1964 alleged that in addition to the $3,471 worth of labor and materials called for under a contract with defendant, it provided $2,594.09 more labor and materials at defendant's instance, that defendant paid only $3,000 and that plaintiff was still owed $3,065.09. On December 2 defendant attempted to make a special and limited appearance in order to move to quash plaintiff's summons. On March 3, 1965, the court ordered that the special appearance stand as a general appearance, denied the motion to quash and set the trial for May 24. Defendant moved for a bill of particulars on March 16 and plaintiff filed its amended complaint on June 23. On October 27, 1966, having served notice, plaintiff moved for a default judgment for failure to file an answer. The court entered the

motion and continued the cause until November 14 and when defendant then failed to appear granted the default judgment for $3,065.09 and costs. On December 12, 1966, defendant filed a motion to vacate the judgment and dismiss the action. No action was taken on this motion. On January 3, 1967, defendant filed another motion to vacate supported by an affidavit identical to the affidavit filed with the December 12 motion. On January 3 the court denied the motion. On February 24 defendant again moved to vacate the judgment and dismiss the suit supported by an amended affidavit. The motion to vacate was again denied. Finally, on March 29, 1967, after being served with a citation to discover assets, defendant again moved to vacate the judgment by filing a petition under section 72 of the Civil Practice Act. On this occasion the judgment was vacated, leave to file an answer granted and the cause set for trial. Defendant filed an answer generally denying the allegations of the complaint.

Plaintiff contends that the court erred on March 29, 1967, in vacating the judgment of November 14, 1966, because (1) on two other occasions the court had denied defendant's motions to vacate and (2) defendant's petition shows his own negligence. In In re Estate of Schwarz, 63 Ill App2d 456, 212 NE2d 329, we held that a denial of a motion to vacate precluded the filing of a second motion to vacate, stating on page 459:

> Furthermore, if the proliferation of such motions were permitted to its logical extreme, neither appellate review nor finality of judgments could ever be accomplished.

A petition under section 72 of the Civil Practice Act * may be filed after thirty days. In Esczuk v. Chicago

---

* The Civil Practice Act, section 72 (Ill Rev Stats (1965) c 110, § 72) reads in part as follows:

Transit Authority, 39 Ill2d 464, 236 NE2d 719, the court stated:

> Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (Brockmeyer v. Duncan, 18 Ill2d 502; Glenn v. People, 9 Ill2d 335.) However, a party may not avail himself of the remedy provided by section 72 "unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. (Citations.) Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence." (Brockmeyer v. Duncan, 18 Ill2d 502, 505.) The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief.

In the instant case we find that defendant's petition relied on the same grounds for vacatur as had been twice ruled on unfavorably by the trial court; that defendant did not contest the entry of the default judgment although proper notice had been served; and that thereafter defendant did not proceed with diligence. Therefore defendant was not entitled to relief under section 72. Defendant argues that the court's aim is to do substantial justice and that since he filed his first motion to vacate within thirty days after judgment, the rule of liberal construction found in cases where the motion is made within thirty days should be applied here. However,

---

(1) Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section.

if defendant desired the application of a rule of construction which he claims is found in cases where a motion to vacate is filed within thirty days, he could have appealed the denial of his first motion. Defendant cites Grizzard v. Matthew Chevrolet, 39 Ill App2d 9, 188 NE2d 59, but in that case the Appellate Court reversed the trial court and denied relief under section 72 on the ground that defendant was negligent in not filing an answer in time. In Nagel v. Wagner, 46 Ill App2d 2, 196 NE2d 728, also cited by defendant, the court affirmed a finding by the trial court that defendant was not negligent since he had not received notice of the trial date.

Since we find no basis for the trial court's order, the order of March 29, 1967, vacating the judgment of November 14, 1966, is reversed.

Reversed.

McCORMICK, P. J. and ENGLISH, J., concur.