Myron Keel, d/b/a M & K Remodeling, Plaintiff-Appellee, v. Frank Kostka, Defendant-Appellant.

Gen. No. 52,810.

First District, First Division.

February 17, 1969.

Albert Koretzky, of Chicago, for appellant.

Weisman and Weisman, of Chicago (Jay Weisman, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Defendant appeals from the order of October 20, 1967, denying his petition to vacate a default judgment entered against him on May 19, 1966.

The record reveals that the plaintiff, Myron Keel, d/b/a M & K Remodeling, filed a complaint on April 28, 1966, seeking judgment in a contract action against the defendant, Frank Kostka. The plaintiff alleged in his complaint that during the months of May, June and July of 1965 he "performed certain labor and furnished materials for the remodeling of the properties owned, operated and managed by the defendant" at five different specified locations; "[t]hat there is due and owing the plaintiff, from the defendant the sum of $2,259.00"; and "[t]hat the plaintiff has often requested the above amount and the defendant has failed to make said payment." The summons issued showed that personal service was made on the defendant on May 12, 1966.

On May 19, 1966, after no appearance was filed by the defendant, he was found to be in default and the trial court entered an ex parte judgment in favor of the plaintiff in the sum of $2,259 and costs. Thereafter, two citations to discover assets were issued against the defendant, but both were returned "not found." On July 15, 1966, an affidavit for garnishment was filed and a garnishment summons was served on the Lawndale National Bank on July 18, 1966, garnishing the defendant's bank account.

A special and limited appearance was then filed on July 25, 1966, on behalf of the defendant for the specific purpose of contesting the jurisdiction of the court. The defendant urged the court to vacate the default judg-

174

ment for lack of jurisdiction, on the ground that he, the defendant, had not been served with summons and that he had first learned of the judgment against him on July 19, 1966, when the Lawndale National Bank notified him of the garnishment proceeding. The defendant's motion was continued several times until August 29, 1966, when an order was entered denying the motion to vacate the judgment.

On August 31, 1966, two days after the trial court denied the defendant's motion to vacate the default judgment for lack of jurisdiction, the defendant filed a verified written motion to vacate the default judgment. In his motion the defendant alleged, among other things, that he was never served with summons of service; that he first learned of the judgment on July 19, 1966, when he received notice from his bank that his bank account had been garnisheed; that he had a good and meritorious defense to the plaintiff's alleged cause of action; and that the plaintiff's complaint was defective and failed to show a cause of action. While this motion was pending, the defendant filed another verified motion in which one of the allegations was that the defendant had a good and meritorious defense to the plaintiff's complaint "in that the work allegedly done by the plaintiff was not in fact done in any part." On October 20, 1967, the court entered an order denying the defendant's motions to vacate the default judgment. It is from this order that the defendant appeals.

The defendant contends that the court erred on October 20, 1967, in denying his motion to vacate the default judgment of May 19, 1966, because the trial court failed to consider (1) the circumstances surrounding the entry of the default judgment; (2) the meritorious defense set forth in the defendant's motion; (3) the defendant's diligence in presenting his motion; (4) the plaintiff's delay in executing the default judgment for more than

thirty days; (5) that a trial on the merits would not prejudice plaintiff nor work a hardship on him; and (6) that the plaintiff's complaint does not state a cause of action.

It is the principal contention of the plaintiff that the court correctly denied the defendant's motion to vacate the default judgment because the denial of the first motion to vacate the judgment on August 29, 1966, precluded subsequent motions to vacate. The plaintiff cites Abbey Elec. Co. v. Simpson, 98 Ill App2d 463, 240 NE2d 278, and In re Estate of Schwartz, 63 Ill App2d 456, 212 NE2d 329, in support of his contention.

In Abbey Electric Co., supra, the court was confronted with the situation of the defendant moving three times to vacate a default judgment. All three petitions to vacate relied on the same grounds. The third time the defendant moved to vacate judgment the trial court granted the motion and the plaintiff appealed. The Appellate Court, in reversing the order of the trial court, found that the defendant's third petition "relied on the same grounds for vacatur as had been twice ruled on unfavorably by the trial court; that the defendant did not contest the entry of the default judgment although proper notice had been served; and that thereafter the defendant did not proceed with diligence."

In In re Estate of Schwartz, supra, the second case relied on by the plaintiff, the court stated that it was not authorized to consider the motion to vacate made by the proponents of the purported will more than thirty days after the entry of the order. The motion the court refused to review was the second motion to vacate made by the petitioners. The court held that the motion merely restated the same grounds of the first motion, though expanded in detail and accompanied by extensive argument and citation of authorities.

In the case at bar, the successive motions to vacate are based on entirely different grounds. The first motion, that of July 25, 1966, involved the defendant's

176

claim that he never had been served with summons and that, therefore, the trial court lacked jurisdiction over his person and the default judgment was void. Janove v. Bacon, 6 Ill2d 245, 128 NE2d 706. Two days after the defendant's motion asking relief from the alleged void judgment was denied, the defendant filed his second motion to vacate under section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72). The second motion did not attempt to relitigate the question of jurisdiction raised in the first motion to vacate, but rather recited what had occurred at the hearing of defendant's first motion; set forth the defendant's meritorious defense, stated the defendant's diligence, and alleged the failure of the plaintiff's complaint to state a cause of action. The defendant's third motion to vacate was in the nature of an amendment to his second motion. As we stated in Mabion v. Olds, 84 Ill App2d 291, 228 NE2d 188, a motion challenging the jurisdiction of a trial court is not in the nature of a section 72 petition. Since a motion challenging jurisdiction and a motion to vacate under section 72 are entirely different motions, based on different grounds and do not litigate the same matters, the cases cited by the plaintiff in support of his contention are not applicable to the instant case.

The plaintiff's second contention states that the several motions to vacate the default judgment failed to meet the requirements of section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72). This second contention is grounded in the assertions that defendant's subsequent motions did not allege that the facts contained therein were unknown to the defendant at the time he filed his original motion to vacate, that the defendant did not allege what his good and meritorious defense was, and that the defendant did not show due diligence. We are not in accord.

■ The record shows that the defendant was never served with an execution, that he filed his first motion

to vacate shortly after his bank informed him of the garnishment proceedings, and that he immediately filed his second motion, which unlike the first was addressed to the equitable powers of the court pursuant to section 72, after the court had denied his first motion challenging the trial court's jurisdiction. This sequence of events, we feel, is sufficient to establish the defendant's diligence.

■ We also cannot agree with the plaintiff's contention that the defendant's allegation of a good and meritorious defense was insufficient. The plaintiff's complaint contained the bare allegation that the plaintiff performed labor and furnished materials at several properties owned by the defendant, and as a result the defendant owed him the sum of $2,259. The complaint did not detail what work had been completed at the various buildings, allege any agreement about price, recite whether any monies had already been paid, or specify what was due and owing on each property. In the amendment to his second motion to vacate, the defendant denied that the plaintiff did any work on the buildings during the months claimed by the plaintiff. We believe that this allegation, if true, sufficiently shows a good and meritorious defense to the plaintiff's complaint.

■ The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and for the furtherance of justice. Spencer v. American United Cab Ass'n, 59 Ill App2d 165, 208 NE2d 118. We believe that under all the facts and circumstances of this particular case that the equitable power of the court should be exercised to afford the defendant his proper day in court. A trial on the merits will not prejudice the plaintiff or result in a hardship to him. Such a trial will merely assure both parties a day in court in order to obtain a

fair determination of their case. Goebel v. Benefit Trust Life Ins. Co., 88 Ill App2d 19, 232 NE2d 211.

For the reasons given, the order of the trial court denying the defendant relief is reversed and the cause remanded with directions to vacate and set aside the judgment and order of default, and to allow the defendant to appear and defend.

Reversed and remanded with directions.

ADESKO, P. J. and MURPHY, J., concur.