DULIN, THIENPONT, POTTHAST AND SNYDER, LTD., Plaintiff-Appellee,
*v.* PACKAGING PERSONIFIED, INC., Defendant-Appellant.

First District (2nd Division)    No. 79-2081

Opinion filed October 14, 1980.

Harry J. Smith, Jr., of River Grove (Lawrence J. Czepiel, of counsel), for appellant.

Stephen A. Litchfield, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This case originated as an attempt by plaintiff, the law firm of Dulin, Thienpont, Potthast and Snyder, to collect for professional services rendered to Packaging Personified. When defendant Packaging Personified refused to pay plaintiff's billing of $1,162.63, plaintiff brought suit. Following a default judgment entered on behalf of plaintiff on August 25, 1979, and a damages hearing held on August 28, defendant made a motion to vacate the default on September 7, well within the 30-day period allotted by statute. (Ill. Rev. Stat. 1979, ch. 110, par. 50(5).) The trial court denied the motion to vacate on September 24. Defendant then, on October 12, motioned the trial court to reconsider its denial of the motion to vacate. The trial court denied this "motion to reconsider" on October 26. On November 19, in a collateral hearing, the trial court, in response to plaintiff's petition which recounted defendant's dilatory tactics, awarded attorneys' fees to plaintiff. Defendant filed this appeal on November 26.

Defendant contends that the trial court improperly denied the motion to vacate and the motion to reconsider. Defendant also maintains that the trial court improvidently granted attorneys' fees to plaintiff. Plaintiff asserts that the motions to vacate were properly denied and that the default judgment should stand. Further, plaintiff claims that it is entitled to attorneys' fees at trial and on appeal.

The dates of the motions and of the filing of this appeal have been recounted here with particularity because, although neither party has brought the untimely filing of this appeal to our attention, it is a jurisdictional matter which we find dispositive.

■■ The threshold question in this case, as in any appeal, is whether the court has jurisdiction over the appeal. Supreme Court Rule 303(a) provides in relevant part:

> "[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the motion." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110A, par. 303(a).)

This rule should be read in conjunction with Supreme Court Rule 301 which provides that the filing of the notice of appeal is the only jurisdictional step requisite to initiating appellate review. (Ill. Rev. Stat. 1979, ch. 110A, par. 301.) Accordingly, the notice of appeal should be filed within 30 days after a trial court's disposition of a timely post-trial motion. In the instant case, two post-trial motions were made. Thus the question becomes whether defendant's 30 days ran from the denial of his initial motion to vacate or from the denial of his later "motion to

reconsider." This precise question has been considered and decided in several recent cases.

In *Drafz v. Parke, Davis & Co.* (1980), 80 Ill. App. 3d 540, 400 N.E.2d 515, this court held that trial courts have no authority to hear successive post-trial motions, even though each was filed within 30 days after denial of the previous one. (*Drafz*, at 542; see also *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 418, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) Successive post-trial motions attacking the judgment have been held impermissible, other than by one party's motion under section 72 or by stipulation of the parties, because the trial court does not have jurisdiction to reconsider its own orders beyond term time. (*Meudt v. Traveler's Ins. Co.* (1978), 57 Ill. App. 3d 286, 293, 372 N.E.2d 902; see also Ill. Rev. Stat. 1979, ch. 110, par. 72.) The successive post-trial motion, in the case at bar the "motion to reconsider," does not extend the time provided by Rule 303(a) for appeal. Rather, the time for appeal runs from the trial court's disposition on the post-trial motion made within 30 days and addressed to the judgment entered. (See, *e.g., Deckard*, at 418; *Handing v. Power Ford, Inc.* (1978), 67 Ill. App. 3d 466, 467, 385 N.E.2d 95; *Rose v. Centralia Twp. High School Dist.* (1978), 59 Ill. App. 3d 606, 607, 375 N.E.2d 1039.) In the case at bar, the timely post-trial motion to vacate was brought under section 50(5) of the Civil Practice Act:

> "The court may in its discretion, before final order or judgment, set aside any default, and may *on motion filed within 30 days after entry* thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 110, par. 50(5).

■■ ■ The motion of September 7, 1979, as contemplated by section 50(5), was brought within 30 days after the default judgment of August 28, 1979. Under Rule 303, governing the timing of the notice of appeal, defendant had 30 days from the trial court's denial of that motion (which occurred on September 24, 1979) to appeal its judgment. Therefore, the appeal must have been brought by October 24, 1979, to be timely. Defendant herein made a hybrid "motion to reconsider," unanticipated by statute and disallowed by case law, rather than simply filing an appeal. (See also *Abbey Electric Co. v. Simpson* (1968), 98 Ill. App. 2d 463, 466-67, 240 N.E.2d 278; *Underwood v. Yellow Cab Co.* (1971), 131 Ill. App. 2d 449, 451-52, 268 N.E.2d 254.) This appeal was finally filed on November 26, 1979, more than 30 days after the trial court's denial of the timely motion to vacate. As a result, defendant's appeal, as it pertains to the original default judgment and the subsequent motion to vacate, must be dismissed as untimely. Notwithstanding the foregoing, the incidental

issue of the propriety of the trial court's award of attorneys' fees on November 19, 1979, having been appealed on November 26, 1979, within the 30-day period of Rule 303, was properly preserved for appeal and may be considered by this court.

■■ Following denial of defendant's second post-trial motion, plaintiff petitioned the trial court for attorneys' fees expended in pursuing the collection. The motion cited defendant's failure to answer the original complaint or to attend the hearings which resulted in the default judgment. It then recited the two motions to vacate and the efforts which had been exerted in contesting each. The motion, however, did not specify any statutory authority or contractual agreement entitling plaintiff to an award of attorneys' fees. "The law in Illinois clearly is that absent a statute or a contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" (*Kerns v. Engelke* (1979), 76 Ill. 2d 154, 166, 390 N.E.2d 859, quoting *Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41.) An established corollary rule is that the recovery of such costs, being unknown at common law and resting entirely on statutory provisions, must be strictly construed. *People v. Kluck* (1979), 70 Ill. App. 3d 582, 584, 388 N.E.2d 918; see also *Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 374, 370 N.E.2d 1106.

Under the Civil Practice Act, attorneys' fees may be assessed as costs either for abuses during the discovery process (Ill. Rev. Stat. 1979, ch. 110A, par. 219) or for the presentation of untrue pleadings or denials (Ill. Rev. Stat. 1979, ch. 110, par. 41). Since no discovery took place in the instant case, the petition for fees must be construed as having been filed under section 41. This provision specifies:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee." Ill. Rev. Stat. 1979, ch. 110, par. 41.

■■ The cases discussing this provision usually involve pleadings containing untrue factual matter or assertions. (*E.g., Greengard v. Cooper* (1966), 78 Ill. App. 2d 86, 221 N.E.2d 775.) We note that defendant herein filed no answer and, other than the motions to vacate, no pleadings. In that respect, section 41 is inapposite because at least in the record in this court, there are no statements found untrue by the trier of fact. This is not a case where an action was brought in bad faith or without legal basis inasmuch as the party being assessed with costs is the defendant. (*Cf. Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 190-91, 258 N.E.2d 150 (allowing fees and expenses as sanction for baseless lawsuit).) Rather, as demonstrated in plaintiff's petition, this is a

case of dilatory refusal to pay or settle a claim. The merits of that refusal remain unknown as this case involves a default judgment. Plaintiff has failed to allege that untrue statements were pleaded by defendant, as required to invoke the sanctions of section 41. Section 41 is penal in nature and thus may be invoked only in those cases falling strictly within its terms. Each of its requirements, *i.e.*, "allegations and denials made without reasonable cause and found to be untrue," must be proved. (See *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185.) Our supreme court in *Johnson v. La Grange State Bank* indicated that the expected use of section 41 would be where untrue pleadings were filed by one of the parties.

For the aforesaid reasons, the award of attorneys' fees by the trial court is reversed. That portion of the appeal which pertains to the substance of the default motion and the subsequent post-trial motion is dismissed as untimely filed.

Appeal dismissed in part; reversed in part as to attorneys' fees granted by the trial court; and motion for attorneys' fees on appeal is denied.

PERLIN, P. J., and DOWNING, J., concur.