CHARLES IGNARSKI *et al.,* Plaintiffs, v. JOHN HEUBLEIN, d/b/a Kentucky Fried Chicken, Defendant-Appellee (Benjamin & Shapiro, Ltd., Appellant).

First District (3rd Division)    No. 87—3047

Opinion filed June 8, 1988.

Benjamin & Shapiro, Ltd., of Chicago (Gary B. Katz, of counsel), for appellant.

Milton J. Pfetzer, of Lake Forest, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Appellant, the law firm of Benjamin & Shapiro, Ltd., appeals from an order and judgment of the circuit court of Cook County awarding defendant, John Heublein, attorney fees against appellant and from an order denying a motion to reconsider that order and judgment.

On December 6, 1985, plaintiffs, Charles and Charlotte Ignarski, filed a personal injury action against defendant Heublein, d/b/a Kentucky Fried Chicken, by and through the law firm of Norbut & Associates, Ltd. (Norbut). The complaint alleged that defendant had negligently failed to keep the premises in a safe condition for its customers, including plaintiff Charles, as a result of which he had been attacked and injured by third parties. On January 21, 1986, Norbut caused an alias summons to issue against defendant directing that he be served at 4646 S. Cicero, Chicago, Illinois. The return of service indicated that service was attempted on February 11, that the writ was not served and, as "Additional Remarks," that defendant "sold business to R. J. Reynolds Corp., phone No. 502-456-8300, per: Tim Marks."

Subsequently, appellant substituted as plaintiffs' attorney and caused a second alias summons to issue on July 24, 1986. The return of service indicated that defendant was personally served by leaving a copy of the summons and complaint with him on August 15, 1986. Thereafter, defendant asserts, his attorney contacted appellant on August 26, 1986, advised it that the wrong person had been served and requested that service upon defendant be quashed. Supportive of this assertion is a letter attached as an exhibit to an affidavit of defendant's counsel. This letter, dated August 26, 1986, is addressed to Mr. Fred Benjamin, Benjamin & Shapiro, Ltd. It states that defendant never was connected with or operated any Kentucky Fried Chicken

store. It also reflects the enclosure of a stipulation and agreed order to quash the service upon defendant and states that if not entered with the court by September 2, 1986, defendant's counsel would seek whatever remedies defendant may be entitled to against appellant, Norbut and plaintiffs.

On September 17, 1986, defendant's counsel entered defendant's general appearance and filed motions for summary judgment and attorney fees and costs under section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). The trial court granted the motion for summary judgment on November 26, 1986. On February 20, 1987, the trial court granted defendant's motion for attorney fees and entered judgment in equal amounts of $536.66 against appellant, Norbut and plaintiffs. The trial court denied plaintiffs' and appellant's motion to reconsider on August 27, 1987.

■■ Preliminarily, we address, *sua sponte*, appellant's standing to appeal from the judgment entered against it although it was not a party to the lawsuit which gave rise to that judgment. In brief, we believe that appellant's right to prosecute the instant appeal is well established. To bring an appeal, a nonparty must have an interest which is direct, substantial, and immediate, one which would be prejudiced by the judgment or benefited by its reversal. A nonparty is prejudiced in the legal sense when a legal right is invaded or a pecuniary interest is directly affected. Finally, the nonparty's interest must appear in the record or be alleged in the points relied on for reversal. (*Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 865, 407 N.E.2d 627 (and cases cited therein).) It is evident that the judgment entered against appellant directly affected a pecuniary interest and that this interest appears in the record on appeal. As such, we believe that appellant has standing to prosecute the instant appeal.

■ Because section 2—611 is penal in nature, it must be strictly construed and each of its requirements must be proved by the moving party. A trial court's award of fees thereunder is discretionary and may not be disturbed absent a clear abuse of its discretion. *In re Eatherton* (1983), 119 Ill. App. 3d 174, 177-78, 456 N.E.2d 327 (and cases cited therein).

We must also acknowledge the inherent difficulty in deciding this appeal caused by the recent amendment of section 2—611 which became effective one day before the entry of summary judgment in defendant's favor. (Pub. Act 84—1431, eff. Nov. 25, 1986 (amended Ill. Rev. Stat. 1985, ch. 110, par. 2—611).) In view of that amendment, appellant argues that: (1) under the prior version of section 2—

611, the trial court had no authority to assess attorney fees against it; (2) since it did assess fees and costs against it, the trial court either exceeded the statutory authority granted under the former version of section 2—611 or applied the amended version thereof; (3) if it did the latter, it had no authority to do so because the amended version of section 2—611 cannot be applied retroactively; and (4) regardless of which version of section 2—611 was applicable to defendant's motion the court abused its discretion in assessing fees and costs against appellant because its conduct was reasonable under the circumstances. As we agree with appellant's first, second and third points, albeit not for the reasons stated in support thereof by appellant, we need not determine the reasonableness of its conduct.

Prior to November 25, 1986, section 2—611 provided, *inter alia*:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.)

While this version of section 2—611 had been applied to allegations and denials made in complaints, answers, motions and replies, it had not been applied to every violation of court rules nor every instance of professional misconduct by an attorney. (Ill. Ann. Stat., ch. 110, par. 2—611, Historical and Practice Notes, at 267-68 (Smith-Hurd 1983).) More importantly, it was applicable only against parties, not their attorneys. (*Evans v. Stoval* (1980), 83 Ill. App. 3d 257, 403 N.E.2d 1321.) Moreover, the former version of section 2—611 (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) was construed as requiring specific findings as to which allegations or denials by a party were untrue and made without reasonable cause. *In re Marriage of Pitulla* (1986), 141 Ill. App. 3d 956, 963, 491 N.E.2d 90.

■ In contrast to the former version of section 2—611, the current version provides, *inter alia*:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record ***. *** The signature of an attorney or party constitutes a certificate *** that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and

that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. \*\*\* If a pleading, motion or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party \*\*\* the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) Thus, the current version of section 2—611 is much broader in scope than the former version. It now extends to every paper filed by a party. More importantly, it clearly may be applied to attorneys, as persons who sign pleadings, motions, or other papers in violation of the statute. Ill. Ann. Stat., ch. 110, par. 2—611, Supplement to Historical and Practice Notes, at 19 (Smith-Hurd Supp. 1987).

■ This review of the former and current versions of section 2—611 convinces us that only the current version could conceivably support the trial court's entry of the judgment for plaintiff's attorney fees against appellant. We so conclude inasmuch as: (1) attorneys of parties were not subject to the liability provided in the former version of section 2—611; (2) appellant made no allegations and denials in any "pleadings"; and (3) the trial court made no specific findings of the allegations or denials appellant made which were untrue and made without reasonable cause. Moreover, as we also conclude that the current version of section 2—611 was not applicable to defendant's motion, we need not decide whether in fact the entry of the judgment against appellant satisfied all of the requirements of that version of the statute.

We believe that the amendment to section 2—611 does not affect a "mere change in an existing procedure or remedy" but rather creates "an obligation on [appellant] which heretofore did not exist." (*Board of Education of School District No. 170 v. Illinois State Board of Education* (1984), 122 Ill. App. 3d 471, 474, 461 N.E.2d 567.) As such, we conclude that the amendment could not be applied retroactively to govern plaintiff's motion for fees and costs.

In *Board of Education,* the issue was the applicability of an amendment to the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1981, ch. 127, par. 1001 *et seq.*) to litigation commenced before its effective date. The amendment provided for an award of reasonable expenses, including attorney fees, to parties having administrative rules judicially invalidated. The court examined relevant case law,

including *People v. Frieder* (1980), 90 Ill. App. 3d 116, 413 N.E.2d 432. The plaintiff school district cited *Frieder* as retroactively applying a statutory change adversely impacting on a defendant. *Frieder* is also the only case cited by defendant here as authority for retroactive application of the current version of section 2—611 to this case. After reviewing the case law, the court concluded:

"It is our view that the instant situation is analogous to those cases wherein the court refused to give retroactive application to a statute imposing liability for the opposing party's litigation expenses. In each case, (1) liability did not exist prior to enactment of the legislation; (2) the conduct giving rise to possible liability occurred prior to the statute's effective date; and (3) the party against whom expenses were sought could not avoid or limit its liability by any action taken after the statute's effective date. [Citation.] For these reasons, we believe that section 14.1(b) is a new obligation, which is to be given prospective application in the absence of legislative intent to the contrary, rather than a mere change in remedy or procedure *** which may be applied retrospectively." (*Board of Education,* 122 Ill. App. 3d at 477.)

The court found that nothing in the language of the amendment or its legislative history revealed a legislative intent that it be applied retroactively. Finally, it concluded that retroactive application would not further the legislature's purposes in enacting the amendment. 122 Ill. App. 3d at 480.

We largely agree with the *Board of Education* court's reasoning and believe that it establishes the rule of decision applicable here. Specifically, we conclude that the current version of section 2—611 is not retroactively applicable to this case because: (1) attorney liability did not exist under section 2—611 prior thereto; (2) the conduct allegedly giving rise to the liability, *viz.,* causing the alias summons to issue against defendant, occurred before the effective date of the amendment; and (3) appellant could not have avoided or limited its liability by taking any action after the effective date of the amendment. While we also agree that here, as in *Board of Education,* nothing in the language or legislative history of the current version of section 2—611 reveals a legislative intent that it be applied retroactively, we must differ with that court's emphasis on the legislative purpose behind the statutory amendment at issue therein as a factor which might, alone, require retroactive application.

The *Board of Education* court cited *United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 204 N.E.2d 4, as concluding

that the purpose behind an amendment to the Credit Union Act (Ill. Rev. Stat. 1963, ch. 32, par. 496.1 *et seq.*) was best served by a retroactive application. However, we do not believe that *Knight* supports the conclusion that the legislative purpose behind an amendment may, alone, support its retroactive application.

■ The *Knight* court observed that "[r]etroactive legislation is not favored, and as a general rule statutes are construed to operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication." (32 Ill. 2d at 142.) In concluding that the necessary and unavoidable implication from the amendment at issue was that retroactive application was intended, the court considered the purpose of the amendment, *i.e.*, to impose an annual fee upon credit unions for their supervision by the State. In view of the fact that supervision had previously been provided for in a different section of the Credit Union Act, the language of the amendment, specifically the references to "each" and "the preceding" "calendar year," and the absence of any limiting language in the amendment, the court then found it illogical that the legislature would have intended to postpone liability under the amendment to one and a half years after its effective date or to authorize only *pro rata* fees for the year in which the amendment was enacted. 32 Ill. 2d at 143.

■ While we might agree with the *Board of Education* court's interpretation of *Knight* as concluding that the purpose of the amendment at issue therein would best be served by its retroactive application, we cannot ignore that the *Knight* court so concluded as a necessary and unavoidable implication from the express terms of the amendment. As in *Knight,* we may conclude here that the purpose of the amendment to section 2—611 as revealed by the legislative history of that portion of Public Act No. 84—1431, *viz.*, to deal with "frivolous lawsuits" (84th Ill. Gen. Assem., Senate Proceedings, May 21, 1986, at 96, 167 (statements of Senator Luft)), would best be served by its retroactive application. However, in contrast to the situation in *Knight,* we could not conclude that the legislature intended such application as a necessary *and* unavoidable implication from its express terms, despite the absence of any language limiting it to a prospective application. Therefore, we cannot say that the same justification exists here as in *Knight* to find that the amendment at issue is retroactively applicable.

■ Lastly, we address defendant's motion under the new section 2—611 for attorney fees in responding to this appeal. The new section 2—611 applies to appellate briefs. (*Frisch Contracting Service Co. v.*

*Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 224, 511 N.E.2d 831.) However, it is obvious, in view of our disposition of this appeal, that we do not believe appellant has made assertions of law for which there is no support. (*Frisch Contracting Service Co.*, 158 Ill. App. 3d 218.) We therefore deny the motion.

For all of the foregoing reasons, the judgment of the circuit court of Cook County awarding defendant attorney fees against the law firm of Benjamin & Shapiro, Ltd., is reversed.

Reversed.

WHITE, P.J., and McNAMARA, J., concur.