SAFEWAY INSURANCE COMPANY, Plaintiff-Appellant, v. ERRETT O. GRAHAM, Defendant-Appellee (Robert Parrillo *et al.,* Respondents-Appellants).

First District (4th Division)  No. 1—87—2806

Opinion filed September 14, 1989.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin Becker and Howard London, of counsel), for appellants.

No brief filed for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff, Safeway Insurance Company (Safeway), and its counsel, Robert Parrillo and the law firm of Parrillo, Weiss & Moss (Parrillo), appeal from the order of the trial court requiring each of them to pay one-half of a $2,000 fine imposed by the trial court as a sanction under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611).

We limit our recitation of the facts to those necessary for an understanding of the issue presented. In November 1981, Errett O. Graham (Graham)[1] was appointed by the circuit court to act as arbitrator in an action against Safeway. The matter was settled without arbitration in February 1982 and formally dismissed by agreement of the parties on December 8, 1982. In May 1982, the trial court granted Graham leave to file a petition for fees for services he performed in preparation for the arbitration. Safeway objected to Graham's motion, asserting that since Graham was neither a party to nor an attorney in the suit against Safeway, he lacked standing to bring and the court lacked jurisdiction to entertain his motion for arbitrator's fees. The matter was continued to December 7, 1982, on which date Safeway renewed its objections on the grounds of standing and jurisdiction and further stated that Graham had failed to serve the petition for fees in

---

[1]Graham has not filed a brief in this appeal. However, where, as here, the record is simple and the issue is such that it can be decided without the aid of an appellee's brief, the reviewing court should decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

accordance with the rules relative to service of process. Following a hearing, the court ordered Safeway to pay Graham a fee of $450 and granted Graham leave to file an application for additional fees to be paid by Safeway for "dilatory and obstructionist tactics making it necessary for the petition for fees to be filed by the Arbitrator."

On May 11, 1983, the trial court entered a rule to show cause why William Parrillo, the president of Safeway and one of the partners of the law firm, should not be held in contempt for failing to pay Graham's fees as ordered. The trial court continued the hearing on the rule to show cause but allowed Graham leave to file a petition for additional fees in connection with the enforcement proceedings. Prior to the next designated court date, Safeway paid Graham the sum of $487, and on November 10, 1983, the matter was dismissed. Safeway thereafter filed a notice of appeal but did not pursue its prosecution of that appeal. On July 6, 1984, however, Safeway filed a complaint against Graham alleging abuse of process. The trial court granted Graham's motions to dismiss the original complaint as well as Safeway's first and second amended complaints. Safeway's third-amended complaint was filed on April 22, 1986, and Graham's motion to strike and dismiss it was denied by Judge McCormick on May 21, 1986. On June 27, 1986, Graham filed a motion for summary judgment, and on October 8, 1986, Safeway filed its response thereto. On April 6, 1987, the parties appeared before Judge Burr for a hearing on the motion for summary judgment.

At that hearing, the trial judge stated that Safeway's complaint was frivolous in that it wholly failed to state a cause of action and indicated an absolute and total lack of investigation of the facts and law prior to institution of the suit, and that Safeway's conduct in filing the action was "reprehensible" and "vindictive" and constituted "extortion and blackmail." Stating that section 2—611 mandates sanctions for court filings made without a reasonable inquiry as to the facts and law, the trial court announced its intention to grant Graham's motion for summary judgment and to also impose a sanction against Safeway under section 2—611 unless Safeway produced authority to support the propriety of its filing of the cause of action within 28 days. The court also directed Graham to prepare a petition for attorney fees and costs and Safeway to file a response thereto.

On May 5, 1987, Safeway filed a memorandum in opposition to the granting of summary judgment in Graham's favor, arguing, *inter alia*, that the trial court's "finding *** that the lawsuit does not state a cause of action is directly contrary to Judge McCormick's ruling of May 21, 1986," denying Graham's motion to strike and dismiss.

Shortly thereafter, Safeway also filed a petition that Judge Burr recuse himself from the matter on the ground that his prejudice against Safeway was evidenced by his comments at the hearing of April 6, 1987. The recusal motion was denied by Judge Burr on May 14, 1987.

On August 10, 1987, Judge Burr entered a "Memorandum Decision and Opinion" (1) granting Graham's motion for summary judgment; (2) ordering Safeway to pay Graham's costs and reasonable attorney fees; and (3) imposing a $2,000 fine to be paid to the circuit court by Safeway and Parrillo equally. On August 21, Safeway filed a motion to dismiss the action on the basis of a stipulation that all matters in the controversy had been compromised and settled. On August 26, Judge Lichtenstein entered an order granting Safeway's motion and dismissing the action by agreement of the parties. Later that day, however, Judge Lichtenstein *sua sponte* vacated that order and transferred the motion to Judge Burr.

On August 27, Safeway presented its second petition for the recusal of Judge Burr, alleging as additional grounds that *ex parte* communications had occurred between the judge and Graham's counsel. Following a hearing, the trial court denied the recusal petition; denied Safeway's motion for leave to file a special and limited appearance; approved the agreement of the parties for the payment by Safeway to Graham of $2,000 for costs and fees; upheld its order imposing the fine of $2,000 against Safeway and Parrillo; and required proof of payment of one-half of that fine by Safeway and Parrillo, respectively, on or before September 10, 1987. This appeal followed.

OPINION

Initially, we note that the notice of appeal filed on September 8, 1987, states that Safeway and Parrillo appeal from the May 14, 1987, order denying Safeway's petition that Judge Burr recuse himself; the memorandum order and decision of August 10, 1987; the order of August 12, 1987, granting defendant's motion for summary judgment and assessing the $2,000 fine; the order of August 26, 1987, vacating the earlier order of that same date dismissing the action by agreement of the parties; and the order of August 27, 1987, in its entirety. In their appellate brief, however, the only issue presented for our review is the propriety of the imposition of the civil fine against them.

Prior to its recent amendment, effective November 25, 1986, section 2—611 provided:

> "Untrue Statement. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually

incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee \*\*\*." (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.)

Section 2—611 as amended now provides, in relevant part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name \*\*\*. \*\*\* The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. \*\*\* If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party \*\*\* the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

Safeway and Parrillo contend that the trial court erred in applying section 2—611 retroactively. They argue that this action is governed by the preamended version of section 2—611, which did not authorize either (1) the imposition of any sanction against a party's attorney or (2) the imposition of a fine against a party.

In its memorandum decision and opinion, the trial court determined that the amended version of section 2—611 "mandates sanctions for frivolous court filings such as in the present case." The trial court noted that the purpose of section 2—611 was to discourage and prevent harassment by the bringing of vexatious actions based upon false statements or without any legal foundation by penalizing those who act unreasonably in making allegations later shown to be untrue. The court stated that "[a]lthough the pleadings in the instant action were filed before adoption of the new section 2—611, the newly-amended section is held herewith to be applicable to the instant cause."

In ruling that amended section 2—611 may be retroactively applied, the trial court relied upon *People v. Frieder* (1980), 90 Ill. App. 3d 116, 413 N.E.2d 432. In *Frieder*, the appellate court held that the

1976 amendment to the predecessor statute of section 2—611 (Ill. Rev. Stat. 1975, ch. 110, par. 41), which eliminated the "bad faith" element from the petitioner's burden of proof, was procedural only and that the amended section was therefore applicable to motions for sanctions filed after its effective date notwithstanding that the pleadings at issue were filed prior to the amendment.

■■ Subsequent to the trial court's order imposing sanctions in the case at bar, appellate courts have had the opportunity to review cases involving the revised version of section 2—611. (See, *e.g., Ignarski v. Heublein* (1988), 171 Ill. App. 3d 830, 525 N.E.2d 995; *Mucklow v. John Marshall Law School* (1988), 176 Ill. App. 3d 886, 531 N.E.2d 941; *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 532 N.E.2d 595.) These decisions have recognized that amended section 2—611 is much more extensive in scope than the prior version in that it now extends to every paper filed by a party, is applicable to attorneys as well as litigants, and does not expressly limit "appropriate sanctions" to "reasonable expenses actually incurred by the other party" and attorney fees as did its predecessor. Following a comprehensive comparative review of the former and current versions of section 2—611, the court in *Ignarski* held that, in contrast to the 1976 amendment considered in *Frieder*, the 1986 amendment of section 2—611 is not merely a change in existing procedures but, rather, creates obligations and liabilities which heretofore did not exist. The *Ignarski* court therefore held that section 2—611 may not be applied retroactively. See also *Mucklow v. John Marshall Law School* (1988), 176 Ill. App. 3d 886.

As the trial court acknowledged in the case before us, all of the pleadings, motions and papers, except those which the court directed Safeway and Parrillo to file relative to the court's decision to impose sanctions, were filed prior to the effective date of amended section 2—611. Thus, the court's retroactive application of amended section 2—611 in its imposition of a sanction against Safeway's counsel, Parrillo, was error.

■■ We also believe that the trial court lacked authority to impose a fine against Safeway as a sanction in addition to the assessment of Graham's costs and fees. Although we have found no Illinois case which addresses the question, Federal authority interpreting Rule 11 of the Federal Rules of Civil Procedure, which is virtually identical to amended section 2—611, indicates that a fine might, in certain circumstances, be an "appropriate sanction" under the amended version of section 2—611. (See *Donaldson v. Clark* (11th Cir. 1987), 819 F.2d 1551.) However, because all the pleadings in this case were filed prior

to the amendment of section 2—611, and since former section 2—611 made no provision for the imposition of a fine, but subjected a litigant to only the "payment of reasonable expenses, actually incurred by the other party *** together with a reasonable attorney's fee," we believe that the invocation of amended section 2—611 to impose an additional penalty which was not previously authorized, *i.e.*, a fine, constituted improper retroactive application of the statute.

For the reasons stated, that portion of the trial court's order imposing a monetary fine against Safeway and Parrillo as a sanction under section 2—611 is reversed.

Reversed.

JIGANTI, P.J., and JOHNSON, J., concur.