MODERN MAILING SYSTEMS, INC., Plaintiff-Appellee, v. LeROY Mc-DANIELS *et al.*, Defendants-Appellees (William Ted Lewis, Third–Party Defendant-Appellant).

Fourth District   No. 4—89—0171

Opinion filed December 5, 1989.

LUND, J., dissenting.

William Ted Lewis, of Springfield, appellant *pro se.*

John L. Swartz, of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee Modern Mailing Systems, Inc.

Donald M. Craven, P.C., of Springfield, for appellees LeRoy McDaniels and Merrill McDaniels.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Attorney William Ted Lewis initially represented defendants LeRoy and Merrill McDaniels, defending against an action seeking unpaid rent. The cause was set for trial on July 26, 1988, at which time attorney Lewis appeared before the court and *orally* moved for a continuance, stating his clients were out of the country and unavailable. Evidence was later introduced indicating Lewis had not notified his clients of the hearing date until the morning of July 25 and, at that time, he told his clients not to appear. In fact, after Lewis' motion for continuance, defendants did appear on July 26 with new counsel and indicated the deceptive nature of Lewis' motion for continuance. The cause was then continued because of the need for additional time by new counsel.

Plaintiff, in the action for rent, petitioned for sanctions under the provisions of section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). Section 2—611 of that act is now covered by the provisions of Supreme Court Rule 137 (134 Ill. 2d R. 137).

Before the hearing on the petition for relief under section 2—611, Lewis filed a motion alleging the trial judge was prejudiced and asked the trial judge to recuse himself from hearing the request for sanctions. After an evidentiary hearing, a hearing notable because of Lewis' failure to appear, the recusal was denied. Lewis, during oral arguments before our court, acknowledged he had notice of the hearing before it occurred but contends the notice was not timely.

After a hearing on the section 2—611 motion, the trial court ordered sanctions against Lewis for plaintiff's attorney fees in the amount of $1,250, and for attorney fees for defendants' new attorney in the amount of $900. Lewis appeals from this order, presenting various arguments, most of which do not merit a response. These include the contention the trial judge should have recused himself. The motion for recusal appears to be nothing more than an attempt to cover for Lewis' falsehood made to the trial court at the time of the request for the continuance.

A single argument by Lewis presents an issue for our consideration. While the record supports a finding the oral motion for continuance contained false representations, and was made to cause unnecessary delay, we must determine whether the fee-assessment provisions of section 2—611 can be triggered by a blatantly false *oral* motion for a continuance.

■ Awards of attorney fees and costs, absent a contractual agreement, must rely upon statutory provisions. The power to prescribe rules governing attorney conduct, and to discipline attorneys for violating those rules, rests solely with the Illinois Supreme Court. (*Kilpatrick v. First Church of the Nazarene* (1989), 182 Ill. App. 3d 461, 465-66, 538 N.E.2d 136, 139.) During 1988, section 2—611 stated, in pertinent part, as follows:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he

has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

■ The history of section 2—611 is set forth in the historical and practice notes, and the supplements thereto, in Smith-Hurd annotated statutes, the bound volume and the pocket parts (Ill. Ann. Stat., ch. 110, par. 2—611, Historical and Practice Notes, at 265-70 (Smith-Hurd 1983)). The section has been subject to many amendments, but has long addressed sanctions for untrue statements in pleadings. Section 2—611 was formerly section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41). In reversing an award of attorney fees under section 41, Justice Stamos made the following statement:

"Plaintiff has failed to allege that untrue statements were pleaded by defendant, as required to invoke the sanctions of section 41. Section 41 is penal in nature and thus may be invoked only in those cases falling strictly within its terms. Each of its requirements, *i.e.*, 'allegations and denials made without reasonable cause and found to be untrue,' must be proved. (See *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185[, 196].) Our supreme court in *Johnson v. La Grange State Bank* indicated that the expected use of section 41 would be where untrue pleadings were filed by one of the parties." (*Dulin, Thienpont, Potthast & Snyder, Ltd. v. Packaging Personified, Inc.* (1980), 89 Ill. App. 3d 647, 651, 411 N.E.2d 1173, 1176.)

Section 41 appeared to apply to allegations and denials made without reasonable cause and found to be untrue pleadings. "Motion and other paper" has been added by the 1986 amendment, but the emphasis ap-

pears to be on signatures and papers. The purpose of the section is not to provide a sanction against all violations of court rules and for all professional misconduct of an attorney. *Tabor & Co. v. Gorenz* (1976), 43 Ill. App. 3d 124, 132, 356 N.E.2d 1150, 1156.

■ A strict construction of the statute could result in the conclusion that section 2—611 applies *only* to writings. (*International Amphitheatre Co. v. Vanguard Underwriters Insurance Co.* (1988), 177 Ill. App. 3d 555, 573, 532 N.E.2d 493, 504, *appeal denied* (1989), 125 Ill. 2d 565, 537 N.E.2d 809.) However, an oral motion to continue seeks relief from the court just as surely as a signed, written motion. Attorney Lewis, in orally addressing the court, was certifying his representations were based on reasonable inquiry and well grounded in fact. The oral representations of an officer of the court, when in the form of a motion, should have the same effect as a signed, written motion within the context of section 2—611.

■ In this case, an officer of the court stood before a judge at the time of trial and sought to obtain a continuance by oral motion. His oral motion was a lie. He was foiled in his chicanery by the arrival of his clients with a new attorney. A contempt proceeding would have been appropriate. Instead, the plaintiff sought relief under section 2—611. We find such relief appropriate.

We do not strain for this result simply to punish deceit. Courts, particularly volume courts, often deal with oral motions and honor those well taken. An attorney who makes an oral motion ought be held to the same standard as if the motion had been on paper.

The order imposing sanctions under section 2—611 is affirmed.

Affirmed.

STEIGMANN, J., concurs.

JUSTICE LUND, dissenting:
I respectfully and regrettably dissent. The majority opinion correctly states the facts and is well written. There is strong argument for including oral motions under the punitive provisions of section 2—611. However, the section is penal in nature and thus must be strictly construed. (*Ignarski v. Heublein* (1988), 171 Ill. App. 3d 830, 833, 525 N.E.2d 995, 997.) Because of history of the section applying first to pleadings and then to pleadings and writings, I feel compelled to hold that the section, which is now a supreme court rule, does not apply to oral motions. I wholeheartedly agree that attorney Lewis' conduct called for sanctions of some type.