JACKI ATAARA MARI, Plaintiff-Appellant, v. WESTINGHOUSE BROAD-CASTING COMPANY, INC., d/b/a WIND Radio Station, *et al.*, Defendants-Appellees.

First District (3rd Division) No. 87—3865

Opinion filed February 1, 1989.

Janet F. Gerske and Richard J. Brzeczek, both of Chicago, for appellant.

Dennis C. Waldon and Michael J. Allen, both of Keck, Mahin & Cate, of Chicago, for appellees.

JUSTICE WHITE delivered the opinion of the court:

The plaintiff, Jacki Ataara Mari (Mari), appeals from an order of the circuit court awarding defendants, Westinghouse Broadcasting Company, Inc., d/b/a WIND radio station, Sue Eggleton, and Ted Lauterbach, $48,313.70 in attorney fees, pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). She argues that the court abused its discretion in finding that defendants were entitled to fees and, in the alternative, that if the award was not an abuse of discretion, the amount awarded was excessive.

In June 1983, Mari filed suit charging defendants with breach of contract, invasion of privacy, and misrepresentation. Defendants filed a motion for summary judgment stating that no contract was entered

into by the parties, that there was no invasion of privacy since Mari consented to the use of her name, and that Mari's claim of misrepresentation was unsupported by the facts and insufficient as a matter of law. The trial court granted defendants' motion, finding that there was no basis for Mari's invasion of privacy and misrepresentation claims and that if a contract existed between Mari and defendants, it was terminable at will. The court also found that defendants' acts were not the proximate cause of any damage suffered by Mari.

Subsequently, defendants filed a section 2—611 motion which alleged that a number of the statements in Mari's complaint were untrue and made without reasonable cause and requested that Mari be required to pay $72,242.66 in attorney fees and expenses incurred by defendants in defending the action. Under section 2—611, allegations and denials made without reasonable cause and found to be untrue shall subject the party pleading them to the payment of attorney fees and reasonable expenses actually incurred by the other party by reason of the untrue pleading. Following a hearing on defendants' motion, the trial court held that paragraphs 29 and 41 of the complaint contained untrue statements and therefore plaintiff was liable under section 2—611.

Relying on Mari's deposition testimony that she produced and appeared on a cable television program, wrote a weekly newspaper column, gave lectures, and appeared on radio stations in Geneva, Illinois, and St. Joseph, Michigan, during the period she appeared on WIND, the court found that the allegations in paragraphs 29 and 41 that Mari "devoted all her time and efforts to the development and preparation as a guest on defendant's talk show" and that she was "prevented from participating on other radio stations as a result of defendant's appropriation" were untrue. The court stated that Mari could have alleged that she devoted "substantially all" rather than "all of her time and efforts" and concluded that the use of the word "all" indicated that she intentionally made a false statement.

■ A request for a fee award is addressed to the sound discretion of the trial court, and the court's determination ordinarily will not be disturbed on review. (*Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945.) Section 2—611 should be strictly construed and its application specifically limited to cases falling within its terms. (*Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 417 N.E.2d 67.) Thus, a party seeking an award under section 2—611 has the burden of establishing that he actually incurred fees and expenses by reason of the untrue pleadings. *Johnson v. LaGrange State Bank* (1978), 73 Ill. 2d 342, 383 N.E.2d

185; *Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 407 N.E.2d 1102.

In the present case, Mari argues that the trial court's award was improper because defendants failed to establish that any of their fees were incurred by reason of the statements contained in paragraphs 29 or 41. Mari also argues that the trial court erred in finding that the allegations in those paragraphs were untrue and made without reasonable cause.

Defendants argue that the claims were essential elements of all three counts of Mari's complaint. They contend that the allegations formed the basis for the damages claims in all three counts of the complaint and the consideration for the alleged contract. They also contend that proof of the allegations in both paragraphs would have been essential to establishing the misrepresentation claim. In response, Mari claims that the allegations in paragraphs 29 and 41 were not the basis for her claims and that their truth or falsity played no part in the trial court's disposition of the case. Both parties cite this court's decision in *Dayan v. McDonald's* in support of their arguments.

In *Dayan*, plaintiff filed suit against McDonald's seeking to enjoin it from terminating his restaurant franchise. In paragraphs 11 and 14 of his complaint, plaintiff alleged that he had complied with all of defendant's requests to change and improve the operation of the franchise; that at no time had he been in breach of the master licensing agreement; and that defendant's termination of the licensing agreement was wrongful. This court found that these allegations were untrue and made without reasonable cause and that they created the central issues upon which the case was tried. The court stated that the false assertions were the cornerstone of the entire action without which there would have been no dispute or need for trial and that all of McDonald's expenses and fees in defending the unfounded suit were incurred by reason of the untrue pleadings. *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 24.

■ We do not believe that the false allegations at issue in the present case can be considered the cornerstone of the entire action nor do we believe that there would have been no dispute absent the allegations. The issues raised by the complaint were whether a contract existed and whether defendants were in breach of it, whether defendants appropriated Mari's name for commercial advantage, and whether defendants were guilty of misrepresentation. The false allegations contained in paragraphs 29 and 41 were not central to the complaint and it does not appear that they played a material part in

either defendants' motion for summary judgment or the court's decision to grant the motion.

In moving for summary judgment, defendants' argued that no contract existed, that Mari consented to the use of her name, and that the complaint failed to allege facts sufficient to support the misrepresentation claim. In granting defendants' motion, the trial court found that any agreement between the parties was terminable at will, that there was no basis for the invasion of privacy claim, that Mari's misrepresentation claim was insufficient because she failed to allege that she had relied to her detriment on defendants' misrepresentation, and that no damage suffered by Mari was foreseeable. The allegations in paragraphs 29 and 41 concerned the damages suffered by Mari, and although these allegations might have been relevant had Mari established a contract and breach, they appeared to have had little bearing on the trial court's decision to grant summary judgment for defendants.

Defendants have failed to meet their burden of establishing that their fees were incurred by reason of the false statements contained in paragraphs 29 and 41. There is nothing in the record before us that supports the defendants' claim that their expenses would not have been incurred if the false allegations had been omitted from the complaint, nor is there anything that indicates that defendants would have proceeded differently absent the allegations contained in paragraphs 29 and 41. Therefore, we find that defendants are not entitled to recover the expenses they incurred in defending the action and that the trial court erred in granting defendants' section 2—611 motion. Accordingly, the judgment of the circuit court of Cook County is reversed.

Reversed.

McNAMARA and RIZZI, JJ., concur.