CONRAD S. BERKIN et al., Plaintiffs-Appellants, v. ORLAND PARK PLAZA BANK, Defendant-Appellee.

First District (2nd Division) No. 1—88—2685

Opinion filed December 5, 1989.

Carl L. Klein, of Chicago, for appellants.

Mary Ellen Rosemeyer and Steven D. Rakich, both of Kreisman & Rakich, of Chicago, for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiffs appeal from a December 18, 1987, order granting defendant's section 2—611 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) against the plaintiffs and their attorneys and from a September 15, 1988, order dismissing the attorneys and assessing $4,533.60 in attorney fees and costs solely against plaintiffs. Plaintiffs complain that the section 2—611 motion was not timely filed, and even if it were, the sanction award was improperly assessed against them and included improperly assessed fees.

On December 10, 1984, plaintiffs, by their attorneys, Carl L. Klein and John B. Petrulis, filed suit against Orland Park Plaza Bank (Bank) and other defendants who are not parties to this appeal.

Among the 10 named plaintiffs were George E. Burzloff and Eileen Burzloff, who, unbeknown to the Bank, had been dead for over a year at the time of filing. On November 8, 1985, the Bank filed a motion to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) for failure to state a cause of action. On June 16, 1986, plaintiffs filed an amended complaint, and on September 26, 1986, a second amended complaint, to each of which the Bank responded with motions brought under section 2—615. All three complaints named the Burzloffs as plaintiffs, and paragraph 1 in each stated: "That plaintiffs and the defendants are located in the County of Cook and State of Illinois." On January 8, 1987, the circuit court granted the plaintiffs' motion to voluntarily dismiss the Bank as a party defendant.

On February 6, 1987, within 30 days after its dismissal from the action, the Bank filed a motion for sanctions under amended section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), effective November 25, 1986, which provides:

> "§2—611. Signing of Pleadings, Motions and Other Papers; Sanctions. Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney *** constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose *upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper*, including a reasonable attorney's fee. *** *All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed*, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or

against any party to the civil action in question, and by, on behalf of or against any attorney \*\*\* involved in the civil action in question." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.)

In its motion the Bank complained that plaintiffs and their attorneys willfully filed successive meritless complaints and that the plaintiffs' voluntary dismissal of the action as to the Bank "evidences subjective bad faith and harassment." On May 21, 1987, the plaintiffs filed their response to the motion for sanctions in which they set forth three reasons for dismissing the Bank; namely, that (a) one defendant had removed himself from the jurisdiction, (b) another defendant had died and (c) "[p]laintiffs George Burzloff and Eileen Burzloff who had extensive knowledge of the happenings herein have also died and their testimony was not perpetuated." Prompted to investigate, the Bank discovered that George Burzloff had died on November 26, 1982, and Eileen Burzloff had died on May 23, 1983, well before the filing of the original complaint. In its reply filed on June 2, 1987, more than 30 days after its dismissal, the Bank apprised the court of this new information, presenting it as an additional basis for section 2—611 sanctions.

At a hearing held on December 18, 1987, the circuit court ruled that although plaintiffs' failure to state a cause of action could not be the basis for section 2—611 sanctions, the untrue statements contained in the plaintiffs' complaint relating to the presence of the Burzloffs in Cook County constituted a blatant violation of the statute. Accordingly, the court sustained the Bank's motion under both the former and amended versions of section 2—611 against the plaintiffs and their attorneys, Messrs. Klein and Petrulis. Contrary to this ruling, however, the court later awarded the Bank fees and costs associated not only with investigating the deaths and prosecuting the section 2—611 motion, but also with preparing the motions to dismiss on the ground of insufficiency of the complaint to state a claim.

On September 15, 1988, upon denying plaintiffs' motion to reconsider, the court assessed sanctions in the amount of $4,533.60 against "all plaintiffs," but dismissed attorney Klein on the basis of the holding in *Prevendar v. Thonn* (1988), 166 Ill. App. 3d 30, 518 N.E.2d 1374, that amended section 2—611 may not be applied retroactively against attorneys, although the court's dismissal of attorney Petrulis from the motion for sanctions was on the basis of its finding that he had not participated in the drafting of the offending complaints.

Since the court had previously granted plaintiffs' motion to substitute the Burzloffs with Eileen Burzloff's heir, Alan H. Sibigtroth,

as party plaintiff, in the court's first order the term "all plaintiffs" included the deceased Burzloffs, whereas in the second order it included Eileen Burzloff's successor.

Former section 2—611 (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) provided as follows:

> "§2—611. Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the *party* pleading them *to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading,* together with a reasonable attorney's fee, to be summarily taxed by the court *upon motion made within 30 days of the judgment or dismissal."* (Emphasis added.)

■■ ■ Although plaintiffs do not raise the point on appeal, some confusion exists and therefore clarification is needed regarding which version of section 2—611 applies to the present case. Relatively recent Illinois authority holds that the operative event activating the statute is the conduct giving rise to possible liability. (*Ignarski v. Heublein* (1988), 171 Ill. App. 3d 830, 836, 525 N.E.2d 995, 999.) Here the conduct, namely the filing of the complaint, first amended complaint and second amended complaint, all occurred prior to November 25, 1986, which was the effective date of the new statute. Therefore, even though defendant filed its motion for sanctions under the amended section 2—611, the statute that was in effect when the three underlying pleadings were filed applies in this case. The two statutes differ materially in their application to attorneys. Former section 2—611, the applicable statute here, permits the court to sanction parties only (Ill. Rev. Stat. 1985, ch. 110, par. 2—611), whereas the amended section permits the court to sanction the parties, their attorneys or both (Ill. Rev. Stat. 1987, ch. 110, par. 2—611).

■■ Plaintiffs assert error on three major grounds. They argue first that, because the Bank's allegation of untrue pleadings arising from the death of the Burzloffs was not timely filed, the circuit court had no jurisdiction to impose sanctions on that basis. Plaintiffs rely on *Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 432 N.E.2d 1209, in which the court held that the 30-day limit for filing a petition for sanctions under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 41), the forerunner of section 2—611, should be strictly construed, the statute being penal in nature. (See also *In re Estate of Wernick* (1989), 127 Ill. 2d 61, 535 N.E.2d 876.) In *Szymkowski,* the complaining parties filed their petition for sanctions more than 30 days after the circuit court entered its final judg-

ment. In the present case the Bank filed its motion for sanctions within 30 days after dismissal.[1]

■■ Plaintiffs argue, however, that because the Bank first asked for sanctions based on the death of the Burzloffs more than 30˙days after final judgment in its reply to plaintiffs' response to its motion, the allegation was not timely made. We hold, though, that elemental fairness requires that because the plaintiffs first divulged the fact of the deaths in their response, the Bank should be able to raise the new and additional grounds for sanctions in its reply. Ordinarily, we would be disinclined to recognize a *de facto* amendment to a motion, but the disingenuous manner in which the fact of the Burzloffs' death was communicated to the court and to the parties moves us to view the Bank's position sympathetically. Plaintiffs' response to the Bank's motion for sanctions stated merely that plaintiffs chose voluntarily to dismiss the Bank, because, among other things, the Burzloffs had died "and their testimony was not perpetuated." Without giving the dates of death, plaintiffs' statement misleadingly implies that the Burzloffs died sometime during the pendency of the litigation, thereby preventing their testifying in the case, hence the necessity to dismiss the action as to the Bank. Only after the Bank had investigated plaintiffs' "reasons" did the full facts for the dismissal come to light.

Second, plaintiffs contend that the circuit court should not have awarded the Bank any of the fees and costs associated with preparing the section 2—615 motions to dismiss or with prosecuting the related motion for sanctions. In its order of September 15, 1988, the court specifically stated that the decision in *La Salle National Bank v. Kissane* (1987), 163 Ill. App. 3d 534, 516 N.E.2d 790, precluded any award of fees to the Bank based solely on insufficient pleadings. In construing former section 2—611, the court in that case held that legally insufficient, conclusory pleadings are not *ipso facto* untrue or made without reasonable cause unless they also contain untrue statements. (163 Ill. App. 3d at 542-43, 516 N.E.2d 795.) Nevertheless, the circuit court here awarded the Bank $4,533.60, a sum which included fees and costs attributable directly to prosecuting motions to dismiss under section 2—615.

■■ ■ The decision to award sanctions under section 2—611 of the Code of Civil Procedure lies within the sound discretion of the cir-

---

[1]Although the new section 2—611 no longer explicitly prescribes a 30-day limit, the second district recently held that the 30-day limit in section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) applies to section 2—611 motions. (*Herman v. Fitzgerald* (1989), 178 Ill. App. 3d 865, 533 N.E.2d 1144.) We agree. Therefore, the time for filing is identical for all versions of the statute.

cuit court and should not be disturbed absent a clear abuse of that discretion. (*Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 532 N.E.2d 595.) Illinois courts interpreting former section 2—611 hold that the complaining party may seek only those costs and fees which have a direct connection to the sanctionable pleadings or statements. (*E.g., Mari v. Westinghouse Broadcasting Corp.* (1989), 179 Ill. App. 3d 321, 322, 534 N.E.2d 526, 527; *Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 235-36, 512 N.E.2d 85, 88-89.) Thus, we conclude that under former section 2—611, the circuit court does not have discretion to exact a penalty incommensurate with the time, effort and expense incurred by the aggrieved party as a consequence of the untrue pleadings.

However, relying on *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945, defendant insists that plaintiffs' counsel should be liable as well for the entire cost of defending the multiple pleadings, urging that without the testimony of the Burzloffs, there would have been insufficient evidence against the Bank to justify filing a lawsuit against it in the first place. But the *Dayan* decision is an exception to the general rule. In that case, the plaintiff sued McDonald's Corporation to enjoin the termination of his restaurant franchise. In both his original and amended pleadings, Dayan maintained that he had fully complied with McDonald's standards of quality, service and cleanliness, a statement which became central to the issue of McDonald's bad faith in the lengthy litigation which ensued. Later the circuit court determined that the statement was utterly false and made without reasonable cause and, pursuant to section 2—611, awarded McDonald's nearly $2 million, representing the entire cost of its defense. The appellate court sustained the award, stating: "The isolated focus on each reimbursable component urged by plaintiff is not necessary where the false allegations made without reasonable cause are the cornerstone of the entire baseless lawsuit." 126 Ill. App. 3d at 23, 466 N.E.2d at 954.

In the present case none of the three complaints placed the Burzloffs on any different footing than the other individual plaintiffs, nor did the three counts against the Bank in referring to "plaintiffs" relate solely to the Burzloffs. This leads us easily to conclude that the naming of two deceased plaintiffs hardly formed the "cornerstone of the entire baseless lawsuit," for with or without the Burzloffs, the Bank would have spent the same amount of time and effort litigating the motions to dismiss.

■ A review of the Bank's attorney's amended fee affidavits filed January 21, 1988, and May 24, 1988, reveals that at least some fees

and costs were directly associated with investigating the deaths of the Burzloffs. Although these fees and costs constitute only a fractional portion of the entire award, given that the statute allows reimbursement of those fees actually incurred, they were properly awarded to the Bank. Moreover, the circuit court may also assess fees and costs for work attributable to prosecuting a section 2—611 motion. *Dayan v. McDonald's Corp.*, 126 Ill. App. 3d at 26-28, 466 N.E.2d at 956.

Plaintiffs' final contention is that the circuit court erred in assessing the section 2—611 penalty against "all plaintiffs." This issue embraces two questions: first, whether the circuit court acted improperly by failing to ascertain the culpability of each individual plaintiff, and, second, whether the circuit court erroneously assessed the penalty against the two deceased plaintiffs and later against their substitute. Underlying both subdivisions of this issue is the propriety of sanctioning the parties in the first place, where, clearly, counsel only was responsible for the offending pleadings.

During the December 18, 1987, hearing on sanctions, attorney Klein stated that before filing the suit he had contacted and spoken to all of the plaintiffs except the Burzloffs, and that he had relied on the assurances of his referring attorney that the Burzloffs had a viable cause of action. Earlier *in the* same proceeding, Klein acknowledged that the Burzloffs were his "clients" at the time of filing. He also stated that he had discovered that an estate had been opened for Mrs. Burzloff in Will County; but, at no point did he mention when he had made the latter discovery.

Plaintiffs' brief relates that Klein attempted to locate the Burzloffs at an old address in the year the lawsuit was first filed, and when the search proved fruitless, he checked with the probate division of the circuit court of Cook County for any estates or wills filed in their names, again with negative results. Also according to the brief, at this point Klein assumed without further inquiry that the Burzloffs were alive "based on the presumption that people are alive until proven dead." The record reflects that upon conducting its own search, the defendant Bank promptly discovered death certificates for Eileen Burzloff in Will County and for George Burzloff in Cook County.

As noted above, the circuit court, constrained by the decision in *Prevendar v. Thonn* (166 Ill. App. 3d 30, 518 N.E.2d 1374), to exclude plaintiffs' counsel from its final order on sanctions, restricted the award of sanctions to "all plaintiffs." In *Prevendar*, the second district held that amended section 2—611 does not apply retroactively against attorneys, although its application to parties is unaffected.

(166 Ill. App. 3d at 38-40, 518 N.E.2d at 1381.) At the time of the order, the court in the case at bar was apparently unaware of *Ignarski v. Heublein* (171 Ill. App. 3d 830, 525 N.E.2d 995), a first district decision handed down three months earlier, which also held that the amendments in the current version of section 2—611 are not to be applied retroactively. See also *Mucklow v. John Marshall Law School* (1988), 176 Ill. App. 886, 531 N.E.2d 941.

Even if the circuit court were correct in applying the amended statute, which, as we have noted previously, gives the court discretion to impose sanctions on the attorney, his client or both, sanctioning the plaintiffs would have been improper. The choice between sanctioning an attorney and his client should not be arbitrary or based on expedience alone. The case at bar is unlike *Washington v. Allstate Insurance Co.* (1988), 175 Ill. App. 3d 574, 581, 529 N.E.2d 1086, 1090, in which the court upheld an award of sanctions pursuant to the amended statute against the plaintiffs only, noting that "this was the type of case in which an attorney must rely almost exclusively on his client for the facts." In the instant case, if counsel had made even the most minimal effort to communicate with his clients, he would have discovered that they were deceased. The trial court properly concluded, therefore, that no attempt was made on his part to do so, for the task, especially for a lawyer, would have been exceedingly simple to accomplish. In any event, since there were no clients upon whom counsel could rely "for the facts," it would be a monstrous travesty of justice to visit sanctions on them, their estate or their successor. The Bank does not dispute that the remaining eight plaintiffs had no connection or communication with the Burzloffs apart from being victims of the same allegedly fraudulent scheme at different times and places. Indeed, at a hearing on May 24, 1988, the Bank's attorney herself observed that forcing the plaintiffs to bear the burden for the improper conduct of counsel would produce an "unfair result."

■ Penal in nature, former section 2—611 must be strictly construed and requires proof of two elements: (1) that the pleadings contain untrue statements and (2) that the statements were made without reasonable cause. (*St. Paul Federal Savings & Loan Association v. Avant* (1985), 135 Ill. App. 3d 568, 481 N.E.2d 1050.) The burden of proving these two elements rests with the party seeking relief. (*Precision Components, Inc. v. Kapco Communications* (1985), 131 Ill. App. 3d 555, 475 N.E.2d 1071.) In *Precision Components*, the reviewing court reversed an award of sanctions on the ground that the complaining party failed to show that instead of suing the corporation, the plaintiff sued the defendant individually without reasonable cause.

Similarly, in *Peoples Gas Light & Coke Co. v. Black Steer Provision Co.* (1985), 131 Ill. App. 3d 387, 475 N.E.2d 1012, the reviewing court reversed an award because the complainant produced no evidence indicating that plaintiff's belief that defendant was a delinquent customer of record and therefore a proper party was unreasonable.

In the present case, the record is devoid of any proof that any of the other plaintiffs either knew or should have known that the Burzloffs were deceased at the time the lawsuit was initiated. That variously 9 or 10 unrelated individuals were joined as parties cannot *ipso facto* make them liable for the conduct of an attorney acting on his own. And it is also clear that neither the Burzloffs nor their estate nor their successor who was named plaintiff in their stead had any complicity in the filing of the offending pleadings.

 In this connection, plaintiffs claim the circuit court deprived them of procedural due process when it failed to hold a hearing to determine the culpability of each individual plaintiff. Given the lack of evidence in the record that any of the plaintiffs actually caused the sanctionable conduct, it would appear that to levy any penalty against them would be manifestly unfair. The United States Supreme Court has repeatedly held that a State may not deprive a person of his property without first satisfying the notice and hearing requirements of the due process guarantees of the fourteenth amendment. (*E.g., Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (statute providing *ex parte* proceeding to obtain writ for prejudgment replevin unconstitutional); *Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (statute prescribing summary deprivation of driver's license unconstitutional).) In Illinois, the necessity of holding a hearing on the merits of a section 2—611 petition depends on the circumstances of the individual case. (*Launius v. Najman* (1984), 129 Ill. App. 3d 498, 472 N.E.2d 170.) If the court can determine fairly whether the statute has been violated from an examination of the pleadings, trial evidence or other matters appearing in the record, then a hearing is not necessary. (*St. Paul Federal Savings & Loan Association v. Avant*, 135 Ill. App. 3d 568, 481 N.E.2d 1050; see also *Lepucki v. Van Wormer* (7th Cir. 1985), 765 F.2d 86, 88 (although Rule 11 proceedings must comport with due process, "[t]he particular format to be followed should depend on the circumstances of the situation and the severity of the sanction under consideration"), *cert. denied* (1985), 474 U.S. 827, 88 L. Ed. 2d 71, 106 S. Ct. 86.) In the present case, it is plain that neither the pleadings nor any of the other matters appearing in the record justified a finding of sanctions against the plaintiffs. On the contrary, the facts in the rec-

ord lead ineluctably to the opposite conclusion—that the responsibility for the untrue pleadings rests solely with plaintiffs' counsel. Accordingly, there was no need for the trial court to hold any hearing regarding the imposition of sanctions other than the one it actually conducted.

Therefore, since former section 2—611 had no application to attorneys, and since the plaintiffs herein were totally without culpability, we reverse the order of the circuit court.

Order reversed.

BILANDIC, P.J., and DiVITO, J., concur.