No. 2-09-1092     Filed:  12-20-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TODD PATTON, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 09--OP--418 |
| | ) | |
| | ) | Honorable |
| THOMAS LEE, | ) | Luis A. Berrones and |
| | ) | Joseph R. Waldeck, |
| Respondent-Appellant. | ) | Judges, Presiding. |

JUSTICE BURKE delivered the opinion of the court:

Thomas Lee appeals the trial court's order denying his posttrial motion for sanctions against his former son-in-law, Todd Patton, under section 226 of the Illinois Domestic Violence Act of 1986 (750 ILCS 60/226 (West 2008)) and Supreme Court Rule 137 (155 Ill. 2d R. 137).  Lee argues that a petition for an order of protection that Patton filed against Lee contained false statements about Patton's divorce, arrest record, and previous orders of protection, entitling Lee to sanctions.  Because the misstatements were inconsequential to the primary issue of whether an order of protection should have been issued, and because Lee did not specify any damages due to those misstatements, we affirm.

I. BACKGROUND

This appeal arises out of a disagreement between Patton and Lee on Thursday, March 26, 2009. Lee's daughter, Shawn, who was divorced from Patton, had full custody of three children fathered by Patton, and Patton had visitation on Wednesdays and alternate weekends. On March 26, 2009, Shawn was away from home and had denied a request from Patton that he care for the children. Instead, the children stayed with Lee and his wife.

Later that day, Patton removed his daughter from her school bus and drove off with her in his truck. Awhile later, he arrived at the childrens' school and met Lee there, and an argument ensued. During the argument Patton touched or struck Lee on the chin.

On March 27, 2009, Patton filed a pro se emergency petition for an order of protection against Lee. Patton alleged that he felt threatened by Lee as a result of the argument. On the petition form filed with the court, Patton checked a box for "no" in response to the question, "[i]s there or has there ever been an Order of Protection in any state and county naming you as the Petitioner or Respondent?" He also checked the box for "no" to the question, "[a]re there now, or have there ever been, any civil, criminal, or divorce proceedings involving you, one of the protected persons and/or the Respondent?" The request for an emergency order was denied, and the case was set for a hearing.

At the hearing, Lee showed that Patton had been arrested on multiple occasions since 1989 for battery and traffic offenses and that two previous orders of protection had been entered against him. Patton testified, however, that he had been arrested only one time since 1989. Patton stated that he had another copy of the petition in which he provided different answers to the questions about arrests and previous orders of protection. That copy had been given to Patton's attorney, whom Patton hired after he filed the pro se petition, but it was not entered into evidence. The parties

testified, and each gave a different account of the events of March 26, 2009. However, Patton admitted that he either touched or struck Lee during the confrontation.

The trial court denied the petition, stating that Patton lacked credibility and telling him, "I have a gauge that I use for credibility. You don't want to know where you are." Lee's counsel then sought leave to file a motion for sanctions and asked for a finding that Patton made false statements in his petition. The following colloquy then occurred:

"THE COURT: I didn't find that he made false statements in the petition. I found that, somehow, there appeared to be different petitions. And I would like to have a copy of the petition that [Patton's counsel] has. Well, of course, that's not a court file. That's not part of a court file issue. So whatever he gave his attorney is attorney-client anyway.

But I am kind of taken aback. I don't think--you weren't served with that copy?

MR. ROSE [Lee's counsel]: No.

MR. LEE: No, I wasn't.

THE COURT: So--but I guess that [sic] the issue--if you are seeking 137 sanctions--

MR. ROSE: Yes.

THE COURT: I will give you 14 days for leave to file a petition."

Lee's counsel prepared an order for the court. The order stated that he had 14 days to file a motion for sanctions "due to the knowingly false and fraudulent statements contained in Todd Patton's Petition for an Order of Protection." Lee then filed a motion for sanctions under both section 226 and Rule 137, seeking sanctions based on fraudulent statements in Patton's petition. Attached to the petition were a transcript of portions of the testimony at the hearing on the petition, Patton's arrest record, copies of orders of protection entered against him, and an itemized list of Lee's

legal expenses. That list did not specify the costs incurred as a result of any specific false statements and instead listed expenses generally related to the litigation as a whole.

On June 29, 2009, a hearing was held on the motion. The court asked Lee's attorney about the motion's allegation that the court had previously found that Patton made fraudulent statements. The court stated that the only order it had entered stated that Patton failed to meet his burden of proof. After some discussion about the written order's finding about fraudulent statements, the court stated that it did not recall making such a finding. The court ultimately set the matter for a hearing. After a dispute over whether the children would be allowed to testify at the hearing, the matter was set for arguments only, with no evidence permitted.

On September 15, 2009, the trial court judge recused himself after receiving a communication from a former client who had called him on behalf of one of the parties and attempted to influence the disposition of the case. The judge did not specifically name the party the caller referred to but stated that he was recusing himself as to any matters in regard to Patton, and the case was assigned to a new judge.

The parties appeared before the new judge, and Lee argued that Patton's petition contained fraudulent statements about Patton's arrest record, previous orders of protection, and whether he was previously divorced. The court questioned the effect those misstatements actually had on expenses in the case and also stated that it did not have a full transcript of the evidence from the hearing on the petition. Ultimately, the court stated that it could not determine whether the factual basis that Patton gave for seeking the order of protection was false. In regard to the arrests and previous orders of protection, the court found that they were inconsequential to the factual allegations required for an order of protection. As a result, the court denied the motion. Lee appeals.

II. ANALYSIS

Lee argues that sanctions were appropriate under both section 226 and Rule 137. In regard to section 226, he argues that the plain language of the statute mandates the imposition of sanctions for any false statements. Patton contends that Lee failed to show that he actually incurred expenses from any misstatements about his divorce, arrest record, and previous orders of protection.

Section 226 provides:

"Untrue statements. Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal, as provided in Supreme Court Rule 137. The Court may direct that a copy of an order entered under this Section be provided to the State's Attorney so that he or she may determine whether to prosecute for perjury." 750 ILCS 60/226 (West 2008).

The interpretation of a statute is a question of law, which is reviewed de novo. People v. Lucas, 231 Ill. 2d 169, 174 (2008). The fundamental rule of statutory interpretation is to give effect to the intent of the legislature. People v. Jones, 214 Ill. 2d 187, 193 (2005). The best indication of the legislature's intent is the language of the statute, given its plain and ordinary meaning. People v. Hari, 218 Ill. 2d 275, 292 (2006). Where the language is clear and unambiguous, we must give the language effect without resorting to further aids of construction. People v. Collins, 214 Ill. 2d 206, 214 (2005). Where the language is clear, the statute may not be revised to include exceptions,

limitations, or conditions that the legislature did not express. People v. Goins, 119 Ill. 2d 259, 265 (1988).

The trial court's decision on a question of sanctions is entitled to great weight and may not be disturbed on appeal absent an abuse of discretion. Toland v. Davis, 295 Ill. App. 3d 652, 654 (1998). A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. In re Marriage of Lindman, 356 Ill. App. 3d 462, 467 (2005).

The parties do not point to any precedent concerning sanctions under section 226, and we have been unable to find any. However, section 226 is the same as one of the predecessor statutes to Rule 137 (Ill. Rev. Stat. 1981, ch. 110, par. 2--611). Accordingly, cases that interpreted that section provide guidance.

Because former section 2--611 is penal, it is strictly construed. See La Salle National Bank v. Union Oil Co. of California, 177 Ill. App. 3d 259, 262 (1988). Thus, "the complaining party may seek only those costs and fees which have a direct connection to the sanctionable pleadings or statements." Berkin v. Orland Park Plaza Bank, 191 Ill. App. 3d 1056, 1063 (1989); see Mari v. Westinghouse Broadcasting Co., 179 Ill. App. 3d 321, 322 (1989). A party seeking an award under section 2--611 has the burden of establishing that he or she actually incurred fees and expenses by reason of the untrue pleadings. Beno v. McNew, 186 Ill. App. 3d 359, 365 (1989). The petition for fees must specifically identify both the statements falsely made and the fees that resulted from those false statements. See Berkin, 191 Ill. App. 3d at 1063-64. These principles are consistent with the plain language of the statute, which allows recovery of fees actually incurred by the other party by reason of the untrue pleading. If untrue portions of the pleading would not actually affect the

outcome of the case, recovery of fees unrelated to the specific untrue statements is not allowed. See, e.g., Berkin, 191 Ill. App. 3d at 1063; Mari, 179 Ill. App. 3d at 323-24.

The general rule that the fees sought must be tied to specific untrue statements does not apply when those untrue statements are the cornerstone of an entire baseless lawsuit. Dayan v. McDonald's Corp., 126 Ill. App. 3d 11, 23-24 (1984). In Dayan the plaintiff sued McDonald's Corporation to enjoin the termination of his restaurant franchise. In both his original and his amended pleadings, the plaintiff maintained that he fully complied with McDonald's standards of quality, service, and cleanliness, a statement that became central to the issues in the case. The trial court later determined that the statement was false and made without reasonable cause and, pursuant to section 2--611, the court awarded McDonald's the entire cost of its defense. The appellate court sustained the award, stating that an isolated focus on each reimbursable component is not necessary when the false allegations made without reasonable cause are the cornerstone of an entire baseless lawsuit. Dayan, 126 Ill. App. 3d at 23-24.

In comparison, in Berkin, two deceased people were named as plaintiffs and were alleged to be located in Cook County. A defendant who was later dismissed from the suit sought fees under section 2--611, based in part on the untrue statements about the location of the deceased plaintiffs. The court denied recovery of sanctions for the entire cost of the litigation, observing that the naming of the deceased plaintiffs was not the cornerstone of an entire baseless suit for which, without them as plaintiffs, the defendant would not have spent the same amount of time and effort in litigation. Berkin, 191 Ill. App. 3d at 1063. However, the court allowed recovery of fees that were associated with investigating the deceased plaintiffs and that were documented in the record. Berkin, 191 Ill. App. 3d at 1064; see also Mari, 179 Ill. App. 3d at 324 (denying sanctions because false allegations

were not the cornerstone of the lawsuit and when the dispute would have remained had those allegations not been made).

Here, the trial court reasonably found that the false statements Lee complained of were inconsequential to the overall determination of whether an order of protection should be issued. Had those items on the petition been correctly answered, the dispute would still have been present. Although Lee argues that, by answering the questions incorrectly, Patton increased his chances of success on the petition, that does not make those specific items the "cornerstone of the litigation." Instead, the cornerstone of the litigation was the incident that occurred on March 26, 2009. Further, to the extent that Lee could recover expenses directly caused by the false statements, as the trial court noted, he did not provide evidence of what those expenses were. Instead, he provided a general itemization of costs, with no itemization of expenses due solely to the misrepresentations about Patton's arrest record, divorce, and past orders of protection. To the extent that Lee contends that Patton also made false statements in regard to the central events, he did not provide a full transcript of the hearing on the petition to allow the trial court to determine the matter, and the judge who oversaw that hearing did not make any such findings. Accordingly, the trial court did not abuse its discretion when it denied the motion for sanctions under section 226.

Patton next argues that he is entitled to sanctions under Rule 137. Rule 137 provides:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing

law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." 155 Ill. 2d R. 137.

Whether to grant Rule 137 sanctions is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. Morris B. Chapman & Associates, Ltd. v. Kitzman, 193 Ill. 2d 560, 579 (2000). "[U]nder Rule 137, sanctions may be granted under two different circumstances: (1) when a pleading, motion, or other paper is not 'well grounded in fact' or is not 'warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law,' or (2) when it is interposed for purposes such as to 'harass or to cause unnecessary delay or needless increase in the cost of litigation.' " People v. Stefanski, 377 Ill. App. 3d 548, 551 (2007), quoting 155 Ill. 2d R. 137; see Penn v. Gerig, 334 Ill. App. 3d 345, 354 (2002).

The standard for evaluating a party's conduct under Rule 137 is one of reasonableness under the circumstances existing at the time of the filing. Toland, 295 Ill. App. 3d at 656; Edward Yavitz Eye Center, Ltd. v. Allen, 241 Ill. App. 3d 562, 569 (1993). If a reasonable inquiry into the facts to support the filing has not been made to ensure that the facts stated are well grounded, the party, the

party's attorney, or both are subject to an appropriate sanction that may include an order to pay the other party's attorney fees and costs. Chicago Title & Trust Co. v. Anderson, 177 Ill. App. 3d 615, 621 (1988). "Because of Rule 137's penal nature, courts must construe it strictly, must make sure the proposing party has proven each element of the alleged violation with specificity, and should reserve sanctions for the most egregious cases." Webber v. Wight & Co., 368 Ill. App. 3d 1007, 1032 (2006). A court should not impose sanctions on a party for failing to conduct an investigation of facts and law when the party presents objectively reasonable arguments for his or her position, regardless of whether those arguments are unpersuasive or incorrect. Webber, 368 Ill. App. 3d at 1034.

Here, the court did not abuse its discretion in denying Rule 137 sanctions. As previously discussed, the court reasonably determined that the false statements, which were indicated by boxes checked on a form and were not the primary factual allegations in the petition, were inconsequential to the overall issue of whether an order of protection should be issued. The court also lacked a full transcript to determine whether the overall action was not well grounded in fact or law or was filed for the purpose of harassment. The court further did not have sufficient information to award sanctions for expenses incurred because of the false statements, because there was no itemization of expenses to show what amount related to that portion of the action. As a result, although Patton lacked credibility and his motives for filing the petition were questionable, the court did not abuse its discretion in denying sanctions.

### III. CONCLUSION

The court did not abuse its discretion when it denied sanctions under section 226 and Rule 137. Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

ZENOFF and SCHOSTOK, JJ., concur.