2020 IL App (2d) 180805-U
No. 2-18-0805
Order filed April 15, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* the MARRIAGE OF MIHEE WEBB, | ) ) | Appeal from the Circuit Court of Winnebago County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14-D-113 |
| | ) | |
| BRIAN WEBB, | ) | Honorable |
| | ) | Ronald A. Barch, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Respondent's petitions to substitute for cause and motion for sanctions were properly denied; affirmed.

¶ 2    This is the third time we consider an appeal brought by respondent, Brian Webb, against petitioner, Mihee Webb. See *In re Marriage of Webb*, 2016 IL App (2d) 141228-U; *In re Marriage of Webb*, 2014 IL App (2d) 140688-U. The parties were married in 1985 and their marriage produced eight children. In 2013, Mihee filed a petition to dissolve the parties' marriage in Stephenson County, where they resided at the time. Her petition alleged two grounds: first, that there were irreconcilable differences between her and Brian and, second, that Brian was guilty of

acts of mental cruelty (750 ILCS 5/401(a)(1), (a)(2) (West 2012)). Prior to a hearing, Mihee withdrew the irreconcilable-differences claim and proceeded solely on the allegation of mental cruelty. After a hearing, the trial court found that Mihee had not established grounds of mental cruelty and the case was voluntarily dismissed.

¶ 3    Two weeks later, Mihee filed a dissolution petition in Winnebago County alleging, *inter alia*, irreconcilable differences. The underlying proceedings proved beyond contentious. Throughout this case, there were dozens of motions and petitions related to child support, contempt, visitation, and attorney fees. Furthermore, as we have noted before, "[a]t every turn, Brian filed motions to reconsider or [to] vacate various court orders and to strike Mihee's pleadings ***." *In re Marriage of Webb*, 2016 IL App (2d) 141228-U, ¶ 5. In fact, Brian's pleadings became so vexatious that two trial court judges temporarily barred him from filing any pleadings without first obtaining leave. Nevertheless, the record is replete with a number of pleadings by Brian alleging that the whole matter should be dismissed on the basis of *res judicata*. As we explained in a prior appeal however, *res judicata* did not apply and this matter was properly before the trial court. *Id*. ¶¶ 12-13. That brings us to the instant appeal.

¶ 4    Relevant here, on July 15, 2014, the trial court, Judge Stephen Nordquist, entered an interim order allocating parenting time to both parties. On July 29, 2014, Mihee and the children's guardian *ad litem* (GAL) filed a petition for an emergency and plenary order of protection alleging that Brian had concealed the children and refused to exchange all of the children with Mihee. The trial court held a hearing and found that Brian had not complied with the visitation order and that his behavior, both in and out of court, endangered the children. As a result, the trial court restricted Brian to supervised visitation only.

¶ 5      In June 2015, Brian filed a petition for substitution of judge for cause alleging that Judge Nordquist was prejudiced against him. See 735 ILCS 5/2-1001(a)(3) (West 2016). Judge Nordquist submitted an affidavit stating that he was not biased against Brian and was capable of fairly presiding over the matter. On July 20, 2015, a hearing on Brian's petition was held before Judge Rosemary Collins. At that hearing, Judge Collins stated that she had reviewed the entire court file, including transcripts, and determined that while Judge Nordquist had ruled against many of Brian's motions, Judge Nordquist had not displayed any actual bias against him. At the hearing, Brian conceded that "the bulk of [his] arguments" was that Judge Nordquist "didn't follow the law." Judge Collins explained that while Brian might disagree with Judge Nordquist's rulings, she saw no evidence of prejudice in the record or of any bias stemming from an extrajudicial source. Accordingly, Judge Collins denied Brian's petition and the case was sent back to Judge Nordquist.

¶ 6      Judge Nordquist conducted a hearing and entered an order in September 2015 finding irreconcilable differences between the parties. Then, in December 2015, Brian filed a motion to impose sanctions on Mihee and alleged that she made false statements in her petition for an order of protection. Specifically, Brian alleged that he had not concealed or threatened to conceal the children. Brian sought $6,500 to compensate him for the costs of supervised visitation, GAL fees, and additional attorney fees because of "[Mihee's] phony order of protection." Mihee filed a response denying the allegation and reaffirming her statements in the petition for the order of protection. In January 2016, the trial court issued a two-page memorandum decision denying Brian's motion for sanctions.

¶ 7      Pursuant to a prior administrative order (17th Judicial Cir. Adm. Order 2017-07), in March 2018, the case was transferred from the calendar of Judge Nordquist to Judge Ronald Barch. Ultimately, a dissolution judgment, which incorporated a marital settlement agreement, was

entered in August 2018. The judgment resolved all of the pending dissolution issues with the exception of child support.

¶ 8    In September 2018, Brian filed a petition to substitute Judge Barch for cause, alleging that Judge Barch had improper *ex parte* communications with Mihee's attorneys regarding child support calculations. Judge Barch found that Brian's petition failed to meet the threshold requirements to trigger a hearing and denied the petition without referring it to another judge.

¶ 9    Meanwhile, the trial court's dissolution judgment stated that it was immediately appealable pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), and Brian filed a notice of appeal from that judgment. The parties then submitted their appellate briefs. Once briefing was completed, we examined the record and determined that Brian's notice of appeal was premature (and the Rule 304(a) finding was improper) as there were still several motions and the issue of child support pending in the trial court. We initially dismissed the appeal. Brian then timely filed a supplement to the record showing that those matters had been resolved in the trial court and we vacated our dismissal. Now, with our jurisdiction established, we proceed to the merits.

¶ 10    On appeal, Brian challenges the denial of his December 2015 motion for sanctions and the denials of his two motions for substitution of judge. Mihee responds that the motions were all properly denied. We agree with Mihee.

¶ 11    We note that Brian's appellate brief consists of a 42-page argumentative statement of facts, followed by seven pages of argument which do not cite to the record or any pertinent authority. Given these and other deficiencies in Brian's brief, we would be well within our rights to strike the brief and dismiss this appeal for repeated noncompliance with Illinois Supreme Court Rule 341 (eff. May 25, 2018). See, *e.g.*, *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). However, we choose to overlook these errors as in the interest

of providing a complete resolution to this matter.

¶ 12     Turning to the merits, first, we determine that Brian's petitions to substitute Judge Nordquist and Judge Barch were so vague and conclusory that no hearing on the petitions was required. A petition for substitution for cause must comply with the requirements of 735 ILCS 5/2-1001(a)(3). Relevant here:

> "To meet the statute's threshold requirements, a petition for substitution must allege grounds that, if true, would justify granting substitution for cause. Where bias or prejudice is invoked as the basis for seeking substitution, it must normally stem from an extrajudicial source, *i.e.*, from a source other than from what the judge learned from her participation in the case before her. A judge's previous rulings almost never constitute a valid basis for a claim of judicial bias or partiality." *In re Estate of Wilson*, 238 Ill. 2d 519, 554 (2010) (citations omitted).

A petition that fails to meet these requirements may be justifiably denied without the need for a hearing. *Id*.; see also *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30.

¶ 13     Here, Brian's substitution petitions consisted of bald accusations that Judge Nordquist and Judge Barch were prejudiced merely because they had ruled "against" him. Neither petition alleged prejudice from an extrajudicial source and, so, neither petition satisfied the threshold requirements to even warrant a hearing. See *In re Estate of Wilson*, 238 Ill. 2d at 554-56. Thus, Brian received *more* process than was due when Judge Nordquist referred his first petition for a hearing before Judge Collins. Brian's petition against Judge Barch alleged that Judge Barch "initiated" an improper "*ex parte* communication" with both Mihee's attorney and Brian's attorney during one of the periods of time when Brian was represented by counsel. The allegedly improper communication appears to be the court's request that the parties submit written arguments on

Brian's motion to reconsider child support. Brian complained that *he* was not given "an opportunity to respond" to Mihee's arguments, but the defect in Brian's complaint should be obvious: Brian was represented by counsel at the time and the court communicated with Brian's counsel, which necessarily means the communication was <u>*not ex parte*</u>. Accordingly, there was no error in either Judge Collins' or Judge Barch's decision to deny Brian's petitions.

¶ 14    Similarly, we find no error in the trial court's January 2016 summary denial of Brian's motion for sanctions. See *Harris Trust & Savings Bank v. Otis Elevator Co.*, 297 Ill.App.3d 383, 394 (1998) (noting that summary denial of sanctions is reviewed only for an abuse of discretion). As noted, an order of protection was entered and continued in this case, and a finding of serious endangerment was made, on the basis of Mihee's statements that Brian refused to exchange the children with Mihee and actively concealed their whereabouts. Mihee's statements were corroborated by the children's GAL, whom Brian also denied access to the children. Brian's 15-page motion for sanctions, however, merely asserted that Mihee's sworn statements were false and listed some of his litigation expenses. In the prayer for relief, Brian sought "compensation" in the amount of $6,500, and implored the court to lift its "lawless July 15, 2014 temporary child custody order."

¶ 15    Whether Brian's motion is considered under 750 ILCS 60/226 (West 2014) or Illinois Supreme Court Rule 137 (eff. July 1, 2013), the result is the same. A party seeking such sanctions has the burden of establishing that he or she actually incurred fees by reason of the untrue pleadings. Conversely, "[i]f untrue portions of the pleading would not actually affect the outcome of the case, recovery of fees unrelated to the specific untrue statements is not allowed." *Patton v. Lee*, 406 Ill. App. 3d 195, 199-200 (2010). Here, Brian's motion failed to specify which of Mihee's statements were untrue and failed to explain how any of his "expenses" was directly related to her

allegedly untrue statements. Instead, Brian simply "listed expenses generally related to the litigation as a whole." *Id*. at 198. Therefore, Brian's motion failed the threshold requirements for the imposition of sanctions as well, and the trial court did not err in summarily denying his motion.

¶ 16    In sum, we determine that Brian's claims of error lack merit. Therefore, we affirm the judgment of the Circuit Court of Winnebago County.

¶ 17    Affirmed.